UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KELVIN GENTRY                                                          PLAINTIFF

v.                         No. 3:16-CV-00292-JTR

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                         DEFENDANT

## ORDER AFFIRMING THE COMMISSIONER

Kelvin Gentry ("Gentry") applied for social security disability benefits with an alleged disability onset date of October 18, 2012. (R. at 71). After a hearing, the administrative law judge ("ALJ") denied his applications. (R. at 37)

The Appeals Council denied Gentry's request for review (R. at 1), thereby making the ALJ's decision the final decision of the Commissioner. Gentry has requested judicial review.[1]

For the reasons stated below, this Court affirms the ALJ's decision.

## I.     The Commissioner's Decision

The ALJ found that Gentry had the severe impairments of osteoarthritis of the knees, degenerative joint disease of the knees, and degenerative disk disease of the lumbar spine. (R. at 28). Based on the medical evidence, the ALJ concluded that Gentry's impairments left him with the residual functional capacity ("RFC") to

---

[1] The parties have consented in writing to the jurisdiction of the United States Magistrate Judge.

1

perform sedentary work, with the additional restrictions of only occasionally stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; avoiding concentrated exposure to hazards such as unprotected heights or dangerous moving machinery; and occasionally performing bilateral foot controls. (R. at 30). Because this RFC precluded Gentry from performing any of his past relevant work (R. at 36), the ALJ took testimony from a vocational expert ("VE"). According to the VE, a person of Gentry's age, education, work experience, and RFC could perform other jobs such as lamp shade assembler, document preparer, or telephone quote clerk. (R. at 36–37). Thus, the ALJ held that Gentry was not disabled. (R. at 37).

## II. Discussion

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

Gentry argues that: (1) the ALJ failed to give proper weight to the opinion of his treating physician; and (2) the ALJ's decision is not supported by medical evidence. The Court will address each of those arguments separately.

Gentry's treating physician, Roland Hollis, M.D., opined that Gentry could not perform any job. (R. at 389, 390, 500). He later completed a medical source statement in which he indicated that: Gentry's carrying capacity is limited to ten pounds occasionally and less than ten pounds frequently; Gentry could stand/walk for less than two hours in an eight-hour workday and less than thirty minutes continually; Gentry could only sit for two hours in an eight-hour workday and was limited to one hour continuously; and Gentry could only frequently finger, and only occasionally handle. (R. at 550–51). Dr. Hollis also indicated that Gentry would miss more than three days of work per month and require frequent rest periods, longer than normal breaks, and the ability to shift from sitting to standing at will. (R. at 550–51). The ALJ gave this opinion little weight, stating that it was inconsistent with Dr. Hollis's treatment notes and the rest of the evidence in the record. (R. at 33–34).

Gentry argues that Dr. Hollis's opinion is consistent with his treatment records and other evidence in the medical record. To support this argument, Gentry points to Dr. Hollis once noting that Gentry could not squat or climb and could not stand or walk very long; was limping during a visit; and had decreased range of motion

due to pain. (R. at 399, 400, 499). However, nothing in the treatment records indicates that Gentry is as limited as Dr. Hollis states in his opinions. Furthermore, the records that Gentry points to are from before he had a right knee arthroscopy on February 18, 2015. (R. at 508). It is also significant that Dr. Hollis's medical source statement was prepared only five days after this surgery. (R. at 551).

After the surgery, Gentry reported no significant pain to Travis Richardson, D.O., who performed the surgery. (R. at 553). Records show a significant decline in Gentry's pain after post-surgery physical therapy. (R. at 558). Additionally, records received after the ALJ's decision show that Gentry told Dr. Richardson on December 10, 2015 that "volteran patches and copper sleeves have taken all of his knee pain away." (R. at 601). The same record indicates that Gentry's back pain responded positively to treatments as well. (R. at 601). Dr. Richardson planned to continue conservative care for Gentry's back and shoulder pain, indicating that the conditions may not be severe. (R. at 603). Gentry indicated in September 2015 that radiofrequency treatments had reduced his back pain by 80-90%. (R, at 594). Because Gentry's impairments were largely responsive to treatment, those conditions are not considered disabling. *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014).

Gentry also contends that the ALJ's decision is not supported by necessary medical evidence because the ALJ gave little weight to the opinions of Dr. Hollis

4

and a consultative examiner and relied on the non-examining state agency consultants' opinions. However, the ALJ gave a more restrictive RFC than the state agency consultants. (R. at 35). Furthermore, the ALJ's RFC determination is supported by substantial medical evidence.

After a thorough review of the evidence, the Court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole. Dr. Hollis's opinion is inconsistent with the improvement seen in Gentry's conditions, which responded well to treatment. Accordingly, the record as a whole contains substantial evidence to support the ALJ's decision to limit Gentry to a reduced range of sedentary work.

## III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*,

5

402 U.S. 389, 401 (1971). The Court further concludes that the ALJ's decision is not based on legal error.

It is so ordered this 8th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE